UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PSYCHWIRE AUSTRALIA PTY LTD,<br><br>Plaintiff,<br><br>v.<br><br>JOAN IFLAND, FOOD ADDICTION RESET, LLC, AND DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 2:26-cv-3855<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Psychwire Australia Pty Ltd ("Plaintiff" or "Psychwire") hereby files its Complaint for Damages against Defendants Joan Ifland ("Ifland"), Food Addiction Reset, LLC ("FAR"), and Doe Defendants 1 – 10, inclusive ("Doe Defendants") (collectively, the "Defendants") for the reasons set forth below.

## INTRODUCTION

1. This lawsuit was necessitated by Psychwire's recent discovery that Defendants have engaged in wanton and willful copyright infringement of Psychwire's educational training courses and materials for their own commercial gain from at least 2021 to present.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

## PLAINTIFF

2. Plaintiff Psychwire is an e-learning platform headquartered in Australia that collaborates with world-renowned experts to offer immersive online training courses and Continuing Education (CE) credits in evidence-based therapies for mental health professionals.

3. Psychwire is a proprietary limited company formed under the laws of Australia with a registered business address of 13 Hilton Street, Stanthorpe, QLD 4380, Australia.

4. Psychwire is a legal and beneficial owner of exclusive copyright rights to its online training courses and associated materials.

## DEFENDANTS

5. Upon information and belief, Defendant Ifland is an individual residing in Seattle, Washington with an address of 737 Olive Way, Apt 2907, Seattle, WA, 98101-3755.

6. Upon information and belief, Defendant FAR is a limited liability company formed under the laws of the State of Washington with a registered principal address of 737 Olive Way, Apt 2907, Seattle, WA, 98101-3755.

7. Defendant Ifland is the registered agent of Defendant FAR.

8. Defendant Ifland is the only listed governor of Defendant FAR.

9. Upon information and belief, Defendant Ifland is the sole owner of Defendant FAR.

10. Upon information and belief, Defendant Ifland is the CEO of Defendant FAR.

11. Upon information and belief, Defendant Ifland personally participated in, authorized, and/or directed all of the activities of Defendant FAR, as alleged herein.

12. Upon information and belief, Does 1-10 are parties not yet identified who have infringed Psychwire's copyrights, have contributed to the infringement of Psychwire's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Upon information and belief, Doe Defendants, inclusive, are agents or employees of Defendant FAR that engaged in infringement of Psychwire's copyrights at the direction and control of Defendant Ifland and Defendant FAR. The true names of Doe Defendants, inclusive, are unknown to Psychwire.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

Psychwire therefore sues said Doe Defendants by such fictitious names. When the true names and capacities of said Doe Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

13. Upon information and belief, at all times mentioned herein, Defendants Ifland, FAR, and Doe Defendants, inclusive, and each of them, were the agent, officer, director, manager, principal, alter-ego, servant, and/or employee of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service, or employment.

14. Plaintiff further alleges that Defendants Ifland, FAR, and Doe Defendants, inclusive, are jointly, severally, and concurrently liable and responsible for the causes of action hereinafter set forth.

## JURISDICTION

15. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for copyright infringement under 17 U.S.C. §501(a) of the Copyright Act.

16. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a) and (b).

17. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(2) because this is a civil action between Plaintiff, a citizen of Australia, and Defendants, whom are understood and believed to be citizens of the state of Washington, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18. Venue is proper, inter alia, pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district

19. This Court has personal jurisdiction over Defendants since Defendants have committed acts of infringement, Defendants reside within this district, and Defendants have



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have engaged in acts of copyright infringement, distributed the infringing works, and offered to license and/or sell the infringing works in the State of Washington.

## NATURE OF THE ACTION

20. As previously alleged, Psychwire is an internationally recognized online education platform headquartered in Australia that collaborates with originators and global leaders in evidence-based mental health therapies to create immersive online training courses and Continuing Education (CE) credits for health and mental health professionals.

### I. The Copyrighted Works

21. This includes an 8-hour course titled "Motivational Interviewing in Health Care," (the "Course"), led by Stephen Rollnick, PhD ("Rollnick").

22. Rollnick is recognized as a co-founder of Motivational Interviewing (MI).

23. Motivational Interviewing (MI) is an established counselling approach that helps people explore ambivalence and strengthen their own motivation and commitment to change.

24. Psychwire entered into a joint venture agreement ("JVA") with Rollnick to jointly create several MI-based courses, including the Course.

25. The Course was jointly created by Psychwire and Rollnick pursuant to the JVA and consists of 19 training videos and accompanying educational materials (each, a "Copyrighted Work" and, collectively, the "Copyrighted Works").

26. Each of the videos is an audiovisual work containing original content designed to educate viewers about motivational interviewing in a creative and entertaining way. This includes focused lessons, illustrated graphics, and practical demonstrations with a range of health professionals (including GPs, dieticians, and nurses) working with issues ranging from chronic illness to mental health and lifestyle change.

27. A list of each of the 19 Copyrighted Works is attached hereto as **Exhibit 1**.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

28. The Copyrighted Works were created in 2020 and are wholly original works of authorship.

29. Pursuant to the JVA, Rollnick provided the script and written curriculum for the Copyrighted Works, and other copyright-protected educational content incorporated into the Copyrighted Works.

30. Pursuant to the JVA, Psychwire provided production, direction, cinematography, and editing of the Copyrighted Works.

31. Rollnick's contributions to the Copyrighted Works were provided by Rollnick personally.

32. Psychwire's contributions to the Copyrighted Works were provided by Psychwire's employees as part of their employment duties in the course of employment.

33. Under Australian law, Psychwire is the owner of its employees' contributions.

34. Each Copyrighted Work was prepared by Rollnick and Psychwire with the intention that their separate contributions be merged into a single audiovisual work.

35. Pursuant to the terms of the JVA, the Copyrighted Works are jointly vested in and jointly owned by Rollnick and Psychwire.

36. Psychwire and Rollnick each own an equal, undivided interest in the Copyrighted Works.

37. Psychwire is the owner of an undivided interest in all rights, title, and interest, including all rights under copyright, in the Copyrighted Works.

38. The Copyrighted Works were first published in Australia in 2020.

39. Under the Berne Convention, the United States affords copyright protection to unregistered foreign works.

40. Australia is a treaty party to the Berne Convention.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

41. Psychwire filed applications with the U.S. Copyright Office seeking registration of each of the Copyrighted Works on August 12, 2026, which applications are currently pending. *See* Exhibit 1.

42. Under § 411 of the Copyright Act, 17 U.S.C. § 411, only United States works are required to be registered prior to bringing a civil action for copyright infringement.

43. However, the Copyrighted Works are non-United States works and are therefore exempt from the registration requirements of the Copyright Act.

44. Under the Copyright Act, a published work is a "United States work" for purposes of § 411 only if the work is first published (i) in the United States; (ii) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States; (iii) simultaneously in the United States and a foreign nation that is not a treaty party; or (iv) in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliaries, or habitual residents of, or in the case of an audiovisual work legal entities with headquarters in, the United States. 17 U.S.C. § 101(1)(A)-(D).

45. None of these definitions apply to the Copyrighted Works.

46. The Copyrighted Works were first published in 2020 in Australia without simultaneous publication in the United States. Plaintiff is headquartered in Australia and first published the Copyrighted Works on its website, www.psychwire.com ("Website"), which is administered and controlled from Australia.

47. In the alternative, even if the Copyrighted Works were simultaneously published in the United States and Australia, the Copyrighted Works are non-United States works because Australia's law grants a term of copyright protection for the Copyrighted Works that is shorter than the term provided in the United States.

48. Under Section 93 of the Australian Copyright Act 1968 (Cth), cinematograph films are protected for seventy (70) years after the calendar year the film was first made public.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

49. Under Section 93 of the Australian Copyright Act 1968 (Cth), the Copyrighted Works qualify as cinematograph films

50. By contrast, under the U.S. Copyright Act, works made for hire are protected for a term of 95 years from the year of its first publication.

51. Therefore, the Copyrighted Works are non-United States works and are exempt from the registration requirements of the Copyright Act.

52. Attached as **Exhibit 2** is a printout from Psychwire's Website, where qualifying individuals can enroll in the Course and access the Copyrighted Works.

53. As set forth thereon, the Course is intended for health professionals, such as GPs, nurses, and allied health professionals. *Id.*

54. The cost to enroll in the Course is $390 per individual participant.

55. The cost to enroll in the Course is priced per individual participant. Any rights to access or use the Copyrighted Works are limited and personal to the individual enrolled participant.

56. Psychwire allows multiple participants to enroll in the Course through its Website at the same time. The cost to enroll in the Course is still $390 per individual participant.

57. As shown in **Exhibit 3,** one can purchase enrollment for 100 participants in the Course through the Website at the same time for $39,000.

58. Enrollees must agree to Psychwire's standard terms and conditions (the "Terms") before they can access the Copyrighted Works or participate in the Course.

59. Under Psychwire's Terms, only certain individuals are qualified to enroll in the Course: (i) individuals who are licensed mental health professionals at the time of enrollment ("Licensed Professions"); (ii) individuals who are qualified or trained to provide guidance on behavioral change mechanisms for the improvement of psychological health and wellbeing, including counsellors, therapists and life coaches at the time of enrollment ("Counsellors"); and (iii) individuals who, at the time of Participation, are enrolled in or have graduated from a professionally recognized mental health educational or training program, including but not limited



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

to medicine, psychology, psychiatry, mental health nursing, counselling, psychotherapy, life coaching or occupational therapy ("Students").

60. Under Psychwire's Terms, an individual may not accept the terms or participate in the Course if they are not a Licensed Professional, Counsellor, or Student.

61. Under Psychwire's Terms, an individual who accepts the terms is granted a non-exclusive, non-transferrable license to view, print pages from, and download content from the Course solely for personal use.

62. The Course's training videos cannot be downloaded from the Psychwire Website.

63. Psychwire's Terms prohibit (a) copying, republishing, reproducing, duplicating, extracting or creating derivative works from the Copyrighted Works, in whole or in part; (b) reverse assembling, reverse compiling, or otherwise translating the Copyrighted Works, in whole or in part; (c) redistributing, selling, renting, or licensing the Copyrighted Works, in whole or in part; and/or (d) editing, modifying, or varying the Copyrighted Works, in whole or in part.

64. Authorized enrollees have access to the Copyrighted Works during the term of the Course.

65. Currently, the term of the Course is twelve (12) months from enrollment.

66. Previously, the term of the Course was six (6) months from enrollment. The term of the Course was six (6) months from approximately 2020 to 2025.

67. Upon completion of the Course term, rights to access or use the Copyrighted Works is terminated.

68. Access to or use of the Copyrighted Works by unenrolled participants is strictly prohibited.

69. Individuals who have not personally enrolled in the Course may not access or use the Copyrighted Works.

70. Upon completion of the Course term, previously enrolled individuals are prohibited from accessing or using the Copyrighted Works.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

## II. Defendants' Willful Infringement of the Copyrighted Works

71. Upon information and belief, Defendant FAR is an unaccredited, for-profit enterprise that promotes itself as dedicated to helping individuals break free from processed food addiction.

72. Upon information and belief, Defendant FAR offers monthly memberships to join its Alternative Recovery Community (ARC), claiming to provide members with "practical skills to manage cravings, reduce stress, and create lasting, positive change at your own pace."

73. Upon information and belief, individuals pay $59 a month to become community members of the FAR's Alternative Recovery Community (ARC) and $114 a month for a premium ARC membership. Therefore, upon information and belief, individuals pay an annual fees of $708 to $1368 to be participating ARC members.

74. Upon information and belief, Defendant FAR is not accredited, licensed, or certified by any professional or governmental body to provide counseling or training in the field of health, mental health, or nutrition.

75. Upon information and belief, Defendant FAR was founded by Defendant Ifland and is owned by Defendant Ifland.

76. Upon information and belief, Defendant FAR is under the direction and control of Defendant Ifland.

77. Upon information and belief, Defendant Ifland claims to be the world's leading expert in processed food addiction.

78. Upon information and belief, Defendant Ifland claims to have developed cutting-edge innovations in online programs addressing compulsive overeating and diet-related diseases.

79. Upon information and belief, Defendant Ifland is not a health professional, mental health professional, or a certified dietitian or certified nutritionist.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

80. Upon information and belief, Defendant Ifland is not licensed or certified by any professional or governmental body to provide counseling or training in the field of health, mental health, or nutrition.

81. Upon information and belief, in 2021, Defendant Ifland introduced Food Addiction Recovery Advocate (FARA) Training through Defendant FAR.

82. Upon information and belief, Defendant Ifland and Defendant FAR claim to offer a 12-step training program in the new science and techniques of food addiction recovery and to allow trainees to become "FARA certified."

83. Upon information and belief, the FARA training program is not a licensed or certified training program recognized by any professional or governmental body in the field of health, mental health, or nutrition.

84. Upon information and belief, the individuals providing the FARA training program, including Doe Defendants, are not licensed or certified by any professional or governmental body to provide counseling or training in the field of health, mental health, or nutrition.

85. Upon information and belief, the price for enrolling in the FARA training program is $3997.

86. Attached hereto as **Exhibit 4** is a true and correct printout from Defendant FAR's website showing the list price of enrolling in the FARA training program as $3997.

87. Upon information and belief, at least 175 individuals have enrolled and participated in the FARA training program between 2021 and present.

88. Upon information and belief, Defendant Ifland and Defendant FAR have received at least $699,475 in fees for the FARA training program between 2021 and present.

89. Upon information and belief, Defendant FAR grants trainees in the FARA training program a license to all FARA training program materials, including the training videos.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

90. Upon information and belief, once a trainee pays the FARA training program fee, the trainee has unlimited access to all FARA training program materials in perpetuity moving forward.

91. Upon information and belief, Defendants have continuously infringed upon the Copyrighted Works from 2021 to present.

92. Upon information and belief, Defendants incorporated all 19 Copyrighted Works, in their entirety, into the FARA training program.

93. Upon information and belief, the Copyrighted Works are an integral part of the FARA training program.

94. Upon information and belief, Defendant Ifland and Defendant FAR market learning "the highly effective communication technique of motivational interviewing, a compassionate approach that empowers clients to make healthy changes by honoring their unique ideas and experiences" as a foundational component of the FARA training program.

95. Upon information and belief, Defendant Ifland and Defendant FAR claim in marketing materials that trainees will "learn essential MI [motivational interviewing] skills like affirming, summarizing, and planning" in the FARA training program "[t]hrough engaging videos and hands-on exercises."

96. Upon information and belief, the "engaging videos and hands-on exercises" that Defendant Ifland and Defendant FAR market as an integral part of the FARA training program are the Copyrighted Works pirated from Psychwire.

97. Upon information and belief, the remainder of the FARA training program is built around the skills and training obtained through Defendants' unauthorized copying and use of the Copyrighted Works.

98. Upon information and belief, Defendants knowingly used the Copyrighted Works in their entirety without permission for their own commercial purposes as a replacement for



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

obtaining lawful access to the Course by seeking to properly license the Copyrighted Works from Psychwire for its trainees.

99. Instead, Defendant Ifland personally enrolled to participate in the Course on or around July 29, 2021.

100. At the time Defendant Ifland personally enrolled to participate in the Course, the Course term was 6 months.

101. As a condition of enrolling in the Course, Defendant Ifland agreed to be bound by Psychwire's Terms.

102. Upon information and belief, Defendant Ifland was not qualified to accept Psychwire's Terms or participate in the Course because she was not a Licensed Professional, Counsellor, or Student (as those terms are defined in Psychwire's Terms) at the time of her enrollment.

103. Upon information and belief, Defendant Ifland materially misrepresented her qualifications in violation of Psychwire's Terms in order to enter into the contract with Psychwire and gain access to the Course and the Copyrighted Materials.

104. Upon information and belief, no other Defendant enrolled in the Course.

105. Upon information and belief, no individuals associated with Defendants other than Defendant Ifland enrolled in the Course.

106. Upon information and belief, Defendant Ifland unlawfully provided individuals with access to the Course and the Copyrighted Materials in violation of her contractual obligations and governing copyright law. Those individuals were not authorized to access the Copyrighted Materials under Psychwire's Terms and, upon information and belief, did not meet the qualifications for participating in the Course,

107. Upon information and belief, the individuals that Defendant Ifland provided with unlawful access to the Course and the Copyrighted Materials included FAR managers, agents, and employees, as well as FARA trainers and trainees.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

108. Under Psychwire's Terms, any rights that Defendant Ifland had to access the Copyrighted Materials were non-transferable, personal in nature, and limited to viewing, printing pages from, and downloading content from the Course.

109. As previously alleged, training videos, including the Copyrighted Works, were not capable of being downloaded from Psychwire's Website.

110. Under Psychwire's Terms, Defendant Ifland was prohibited from (a) copying, republishing, reproducing, duplicating, extracting or creating derivative works from the Copyrighted Works, in whole or in part; (b) reverse assembling, reverse compiling, or otherwise translating the Copyrighted Works, in whole or in part; (c) redistributing, selling, renting, or licensing the Copyrighted Works, in whole or in part; and/or (d) editing, modifying, or varying the Copyrighted Works, in whole or in part.

111. Upon information and belief, Defendant Ifland unlawfully copied, republished, reproduced, duplicated, extracted, and created derivative works from the Copyrighted Works in 2021.

112. Any rights Defendant Ifland had to access and/or use the Copyrighted Materials terminated on or around January 29, 2022.

113. Upon information and belief, Defendant Ifland, Defendant FAR, and Doe Defendants were aware that only Defendant Ifland was entitled to access and/or use the Copyrighted Materials for personal use.

114. Upon information and belief, Defendant Ifland, Defendant FAR, and Doe Defendants were aware that Defendant Ifland's personal access to the Copyrighted Materials would expire on or around January 29, 2022.

115. Upon information and belief, Defendant FAR has never had a license to the Copyrighted Materials.

116. Upon information and belief, the Doe Defendants have never had a license to the Copyrighted Materials.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

117. Upon information and belief, Defendant Ifland and Defendant FAR made unauthorized copies of all 19 Copyrighted Works from Psychwire's Website in 2021.

118. Upon information and belief, Defendant Ifland and Defendant FAR instructed FAR's agents, managers, and/or employees to make unauthorized copies of all 19 Copyrighted Works from Psychwire's Website in 2021.

119. Upon information and belief, as instructed, Defendant FAR's agents, managers, and/or employees, including the Doe Defendants, made unlawful copies of all 19 Copyrighted Works from Psychwire's Website in 2021.

120. The Copyrighted Works were publicly performed for FARA trainees as part of Defendant FAR's FARA training course.

121. Upon information and belief, Defendant Ifland and Defendant FAR instructed Defendant FAR's agents and employees in charge of FARA training to publicly perform all 19 Copyrighted Works for FARA trainees.

122. Upon information and belief, as instructed, Defendant FAR's agents and employees, including the Doe Defendants, publicly performed all 19 Copyrighted Works for Defendant FAR's FARA trainees.

123. Upon information and belief, at the instruction of Defendant Ifland and Defendant FAR, FAR's agents and employees, including the Doe Defendants, recorded the public performances of the Copyrighted Works and their communications with trainees regarding same.

124. These unlawful recordings constitute unauthorized derivative works of the Copyrighted Works (the "Infringing Works").

125. The Infringing Works were uploaded by one or more Defendants to a third-party video streaming platform, Vimeo.

126. The Infringing Works incorporate the Copyrighted Works in their entirety.

127. Upon information and belief, the Infringing Works are publicly performed by Defendants for Defendant FAR's FARA trainees.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

128. Upon information and belief, the Infringing Works were used and continue to be used by FARA trainees in connection with the Defendant FAR's FARA training program.

129. Upon information and belief, the Infringing Works were used and continue to be used by Defendant FAR's ARC members.

130. Vimeo offers numerous settings to prohibit or limit public access to uploaded video content, including password protection, unlisted videos, and restricting access to approved accounts.

131. Upon information and belief, access to the Infringing Works on Vimeo was restricted so that the videos were accessible to Defendants, FARA trainees, and ARC members, but not the general public.

132. Upon information and belief, all ARC members had access to Psychwire's Copyrighted Works and the Infringing Content from 2021 to present.

133. Upon information and belief, Defendant FAR unlawfully distributed the Infringing Works by licensing them to the FARA trainees and ARC members.

134. Psychwire first learned of Defendants' infringing activities in mid-2026 when a third-party with knowledge of Defendants' activities notified Psychwire that its Copyrighted Works were being used as FARA training materials without permission.

135. Psychwire had no reason to know of Defendants' infringing activities prior to being informed of those activities in mid-2026, which were not public and were not accessible by Psychwire.

136. Psychwire sent three demand letters to Defendant Ifland and Defendant FAR regarding their infringing use of the Copyrighted Works, dated August 14, 2026, August 18, 2026, and September 2, 2026.

137. In response, Defendant Ifland admitted to use of the Copyrighted Works in connection with Defendant FAR's FARA training materials.

**CAUSE OF ACTION I**



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

**(Direct Copyright Infringement – All Defendants)**

138. Plaintiff reincorporates by reference the foregoing paragraphs as if set forth herein.

139. Psychwire is the owner of an undivided interest in all rights, title, and interest, including all rights under copyright, in the Copyrighted Works.

140. The Copyrighted Works are original and entitled to protection under U.S. copyright law and the Berne Convention. The Copyrighted Works are copyrightable subject matter because they are original audiovisual works fixed in a tangible medium of expression.

141. The Copyrighted Works are non-United States works and are therefore exempt from the registration requirements of the Copyright Act.

142. Defendant Ifland directly infringed the Copyrighted Works by copying, reproducing, distributing, publicly performing, and/or creating derivate works from the Copyrighted Works.

143. Defendant FAR directly infringed the Copyrighted Works by copying, reproducing, distributing, publicly performing, and/or creating derivate works from the Copyrighted Works.

144. Upon information and belief, Doe Defendants directly infringed the Copyrighted Works by copying, reproducing, distributing, publicly performing, and/or creating derivate works from the Copyrighted Works.

145. Upon information and belief, Defendant Ifland authorized, directed, and participated in the infringing activities of Defendant FAR and Doe Defendants. Upon information and belief, Defendant Ifland is the sole owner and CEO of Defendant FAR at all relevant times, including the time of infringement. Upon information and belief, the Doe Defendants were agents or employees of Defendant FAR at all relevant times, including the time of infringement. Upon information and belief, Defendant Ifland is a guiding spirit and central figure in the infringing activities of Defendant FAR and Doe Defendants and therefore Defendant Ifland is personally liable for such infringement.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

146. The actions of Defendants were willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of Psychwire.

147. Unless enjoined by the Court, Defendants will continue engaging in acts that cause substantial and irreparable injury to Psychwire that includes lost sales, damage to its reputation, and loss of goodwill, for which there is no adequate remedy.

## CAUSE OF ACTION II

### (Contributory Copyright Infringement – Defendants Ifland and FAR)

148. Plaintiff reincorporates by reference the foregoing paragraphs as if set forth herein.

149. Upon information and belief, the Doe Defendants directly infringed the Copyrighted Works by copying, reproducing, distributing, publicly performing, and/or creating derivate works from the Copyrighted Works.

150. Upon information and belief, Defendant Ifland and Defendant FAR had knowledge of Doe Defendants' infringing activities.

151. Upon information and belief, Defendant Ifland and Defendant FAR induced, caused, and/or materially contributed to the infringing conduct of Doe Defendants.

152. Upon information and belief, the infringing conduct of Doe Defendants was at the direction of and under the control of Defendant Ifland and Defendant FAR.

153. Upon information and belief, Defendant Ifland and Defendant FAR instructed the Doe Defendants to unlawfully copy the Copyrighted Works and create derivative works therefrom.

154. Upon information and belief, Defendant Ifland shared her login information for the Psychwire Website with Doe Defendants so that they could unlawfully copy the Copyrighted Works.

155. Upon information and belief, Defendant Ifland and Defendant FAR incorporated the Infringing Works into the FARA training materials.

156. The Infringing Works were publicly performed for participants in the FARA training program.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

157. Upon information and belief, Defendant Ifland and Defendant FAR instructed the Doe Defendants to publicly perform the Infringing Works for participants in the Defendant FAR's FARA training program.

158. Upon information and belief, Defendant Ifland and Defendant FAR instructed the Doe Defendants to upload the Infringing Works so that they could be accessed by participants in the FARA training program and Defendant FAR's ARC members.

159. Upon information and belief, Defendant Ifland authorized, directed, and participated in the infringing activities of Doe Defendants. Upon information and belief, Defendant Ifland is a guiding spirit and central figure in the infringing activities of Doe Defendants and therefore Defendant Ifland is personally liable for such infringement.

160. The actions of Defendants were willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of Psychwire.

161. Unless enjoined by the Court, Defendants will continue engaging in acts that cause substantial and irreparable injury to Psychwire that includes lost sales, damage to its reputation, and loss of goodwill, for which there is no adequate remedy.

## CAUSE OF ACTION III

**(Vicarious Copyright Infringement – Defendants Ifland and FAR)**

162. Plaintiff reincorporates by reference the foregoing paragraphs as if set forth herein.

163. Upon information and belief, the Doe Defendants directly infringed the Copyrighted Works by copying, reproducing, distributing, publicly performing, and/or creating derivate works from the Copyrighted Works.

164. Upon information and belief, Defendant Ifland and Defendant FAR had the right and ability to supervise the infringing conduct.

165. Upon information and belief, the Doe Defendants are employees of Defendant FAR and/or agents engaged to provide services on behalf of Defendant FAR.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

166. Upon information and belief, the infringing actions of Doe Defendants were within the scope of their employment and/or engagement with Defendant FAR.

167. Upon information and belief, Defendant Ifland and Defendant FAR can control the conduct of its employees and/or engaged representatives that is with the scope of their employment and/or engagement.

168. Upon information and belief, the infringing conduct of Doe Defendants was at the direction of and under the control of Defendant Ifland and Defendant FAR.

169. Upon information and belief, Defendant Ifland and Defendant FAR instructed the Doe Defendants to unlawfully copy and reproduce the Copyrighted Works.

170. Upon information and belief, Defendant Ifland and Defendant FAR instructed the Doe Defendants to create the Infringing Works, incorporating the Copyrighted Works in their entirety, for use in Defendant FAR's FARA training program.

171. Upon information and belief, Defendant FAR, at the instruction of Defendant Ifland, incorporated the Copyrighted Works and the Infringing Works into the curriculum for Defendant FAR's FARA training program.

172. Upon information and belief, Defendant Ifland and Defendant FAR instructed the Doe Defendants to publicly perform the Copyrighted Works for participants in Defendant FAR's FARA training program.

173. Upon information and belief, Defendant Ifland and Defendant FAR instructed the Doe Defendants to publicly perform the Infringing Works for participants in Defendant FAR's FARA training program.

174. Upon information and belief, Defendant Ifland and Defendant FAR have a direct financial interest in the infringing activity.

175. Upon information and belief, the Copyrighted Works and the Infringing Works are an integral part of Defendant FAR's FARA training program.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

176. Upon information and belief, individuals pay a fee of $3997 to Defendant FAR to participate in the FARA training program is $3997.

177. Upon information and belief, the Copyrighted Works and the Infringing Works are licensed to Defendant FAR's FARA trainees under the terms of the FARA training program.

178. Upon information and belief, individuals pay an annual fees of $708 to $1368 to Defendant FAR to be participating ARC members.

179. Upon information and belief, the Infringing Works were used and continue to be used by Defendant FAR's ARC members.

180. Upon information and belief, the Copyrighted Works and the Infringing Works are licensed to Defendant FAR's ARC members under the terms of the membership agreement.

181. Upon information and belief, access to these materials is a material benefit of becoming one of Defendant FAR's ARC members.

182. Upon information and belief, Defendant Ifland benefits from the FARA training program fees and ARC membership fees received by Defendant FAR as the sole owner of the company.

183. Upon information and belief, Defendant Ifland authorized, directed, and participated in the infringing activities of Doe Defendants. Upon information and belief, Defendant Ifland is a guiding spirit and central figure in the infringing activities of Doe Defendants and therefore Defendant Ifland is personally liable for such infringement.

184. The actions of Defendants were willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of Psychwire.

185. Unless enjoined by the Court, Defendants will continue engaging in acts that cause substantial and irreparable injury to Psychwire that includes lost sales, damage to its reputation, and loss of goodwill, for which there is no adequate remedy.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

**CAUSE OF ACTION IV**

**(Breach of Contract – Defendant Ifland)**

186. Plaintiff reincorporates by reference the foregoing paragraphs as if set forth herein.

187. Defendant Ifland agreed to Psychwire's Terms when she enrolled in the Course.

188. Psychwire's Terms provide that the agreement shall be governed by and construed in accordance with the laws of the State of Queensland, Australia.

189. Under the law of Queensland, Australia, there are four (4) elements to breach of contract: (i) the existence of a valid contract; (ii) performance of the plaintiff's obligations under the contract; (iii) breach of the terms of contract by the defendant; and (iv) defendant's breach caused the plaintiff to suffer financial loss or actual harm.

190. Psychwire's Terms constitute a valid contract between Psychwire and Defendant Ifland.

191. In order for a binding agreement to be formed under Queensland law, there needs to be: (a) offer and acceptance of terms; (b) valuable consideration provided; and (c) an intention to be legally bound.

192. All three elements are present in Psychwire's Terms.

193. Psychwire performed its obligations under the contract by providing Defendant Ifland with access to the Course in accordance with the terms set forth in Psychwire's Terms.

194. Defendant Ifland materially breached Psychwire's Terms under governing law.

195. Upon information and belief, Defendant Ifland materially misrepresented her qualifications in violation of Psychwire's Terms in order to enter into the contract with Psychwire and gain access to the Course and the Copyrighted Works.

196. Upon information and belief, Defendant Ifland unlawfully provided individuals with access to the Course and the Copyrighted Materials in violation of her contractual obligations.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

197. Upon information and belief, Defendant Ifland copied, republished, reproduced, duplicated, extracted, and created derivative works from the Copyrighted Works Upon in violation of her obligations under Psychwire's Terms.

198. Upon information and belief, Defendant Ifland redistributed, sold, rented, or licensed the Copyrighted Works in violation of her obligations under Psychwire's Terms.

199. Upon information and belief, Defendant Ifland edited, modified, and/or varied the Copyrighted Works in violation of her obligations under Psychwire's Terms.

200. Psychwire's Terms provide that any content or materials created or contributed by Defendant Ifland in connection with the Course and/or the Copyrighted Works shall by assigned to Psychwire.

201. Defendant Ifland has failed to assign such rights to Psychwire.

202. Psychwire was financially harmed as a result of Defendant Ifland's breach.

203. Under the Limitation of Actions Act 1974 (Qld), a party has six (6) years from the date the breach occurred to start court proceedings.

204. Psychwire's claim is timely because Defendant Ifland's breach of Psychwire's Terms occurred less than six (6) years ago.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

205. Awarding Plaintiff's damages and Defendants' profits derived from the infringing acts with respect to each work infringed in an amount to be proven at trial;

206. Disgorging Defendants of all profits, direct or indirect, illegally obtained as a result of the conduct alleged herein;

207. For damages to be proven at trial for breach of contract;

208. Finding Defendants jointly and severally liable for all monetary damages awarded;

209. For an injunction by the Court prohibiting Defendants from engaging or continuing to engage in acts of copyright infringement and any other act in derogation of Plaintiff's rights;



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

210. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

211. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

212. For an order awarding prejudgment interest to the maximum extent permitted by law;

213. For Plaintiff's attorneys' fees, costs, and expenses in this action; and

214. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

215. In accordance with Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

DATED: October 9, 2026

STOEL RIVES LLP

*s/ Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Stoel Rives LLP
600 University Street, Suite 3400
Seattle, WA 98101
Telephone: 206.624.0900

BUCHANNAN INGERSOLL & ROONEY PC
Laura Pitts (*pro hac vice forthcoming*)
laura.pitts@bipc.com
Matthew Fedowitz (*pro hac vice forthcoming*)
matthew.fedowitz@bipc.com
John M. Nading (*pro hac vice forthcoming)*
john.nading@bipc.com
1700 K St. NW #300
Washington, DC, 20006
Telephone: 703-838-6526

*Attorneys for Plaintiff*